**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HUGO E. RIBADENEIRA,

    Plaintiff-Appellant
    Cross-Appellee,

v.

DIRECTOR OF TAXATION,
DEPARTMENT OF REVENUE,
STATE OF KANSAS,

    Defendant-Appellee
    Cross-Appellant.

No. 97-3089
No. 97-3100
(District of Kansas)
(D.C. No. 95-CV-1535)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BRORBY,** and **MURPHY**, Circuit Judges.

Hugo E. Ribadeneira appeals the district court's dismissal, pursuant to the

Tax Injunction Act, 28 U.S.C. § 1341, of Ribadeneira's declaratory judgment

action. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and

**affirms**.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ribadeneira brought the present declaratory judgment action premised on federal question jurisdiction under 28 U.S.C. § 1331, alleging that the Kansas system of collecting certain unpaid corporate taxes from "responsible" officers of the corporation violated due process. In particular, Ribadeneira alleged that Kansas had filed tax warrants and liens against his property without providing notice or a hearing. Respondent, the Director of Taxation for the Department of Revenue,[1] moved the district court to dismiss Ribadeneira's claims on the ground that the suit was barred by the Tax Injunction Act, 28 U.S.C. § 1341. Specifically, Respondent asserted that Ribadeneira had a "plain, speedy, and efficient remedy" in the courts of Kansas. *See id.* Respondent further noted that Ribadeneira had sued for a refund of taxes in state court but that the state court's had refused to hear the claim because Ribadeneira failed to exhaust his administrative remedies. Ribadeneira never sought to take advantage of those administrative remedies.

---

[1]Ribadeneira originally brought suit against Wayne Vennard, the ex-Director of Taxation, in his official capacity. Vennard has moved this court for substitution of party defendant. Vennard notes that he is no longer Director of Taxation and that the office is now vacant. He asserts, however, that because he was sued only in his official capacity it would be appropriate to substitute the name of the office as the party defendant. This court grants Vennard's motion and orders that the Director of Taxation be substituted as the party of record in this case. *See* Fed. R. App. P. 43(c).

The district court dismissed Ribadeneira's complaint pursuant to the Tax Injunction Act. The district court found that the Kansas Retailers' Sales Tax Act, Kan. Stat. Ann. § 79-3601 *et seq.*, provided Ribadeneira with a "plain, speedy, and efficient remedy, that Ribadeneira had never attempted to take advantage of the Kansas remedies, and that Ribadeneira's claims about the insufficiency of Kansas' remedies was little more than speculation. Based on these findings, the district court concluded as follows:

> Here, . . . the statutory scheme provided Ribadeneira with a plain, speedy and efficient remedy that included an opportunity to have his federal constitutional claims addressed by the Kansas courts, with an ultimate review by the Supreme Court. The fact that Ribadeneira failed to take advantage of this remedy does not bestow jurisdiction on this court.

Dist. Ct. Order at 9.

This court has reviewed the parties' briefs and contentions, the district court's order, and the entire record on appeal. That close review reveals no trace of reversible error. Accordingly, this court **AFFIRMS** for substantially those reasons set out in the district court's Memorandum and Order dated February 25,

1997. As counsel for Respondent candidly noted during oral argument, this court's affirmance of the district court's order of dismissal moots Respondent's cross-appeal. Accordingly, Respondent's cross-appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge